UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JIMMY DARNELL LOGAN (#A-93039), | ) |
| | ) |
| Plaintiff, | ) Case No. 10 C 4418 |
| | ) |
| v. | ) Judge James B. Zagel |
| | ) |
| OFFICER EMERSON, et al. | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Jimmy Darnell Logan, presently in state custody at Centralia Correctional Center, has filed suit pursuant to 42 U.S.C. § 1983. Logan alleges that from January to March of 2010, he was housed in a cell at the Cook County Jail with another pre-trial detainee who was unsanitary, slept on wet and mildewed sheets, and who contracted scabies. Logan alleges that he subsequently contracted scabies. He further alleges that he informed Defendants Correctional Officers Emerson and Perry of the conditions and of his need for medical attention, and that they violated his constitutional rights when they failed to correct the conditions in his cell or remove him from it, and denied him medical care for a serious medical condition by failing to timely get him treatment for scabies.

Presently pending before the Court are Defendants' motion for summary judgment (Doc. 51) and Logan's motion to stay pending arbitration (Doc. 61). Defendants argue that Logan has: (1) failed to exhaust his administrative remedies prior to filing suit as required by the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(a); (2) failed to satisfy both the objective and subjective requirements to establish a conditions of confinement claim; and (3) failed to establish deliberate indifference to a serious medical condition with respect to Logan's scabies. The

record before the Court establishes that Logan failed to exhaust his administrative remedies prior to filing suit, thus, for the reasons stated herein, Defendants' motion for summary judgment is granted because Logan failed to exhaust his administrative remedies prior to filing suit, and his motion to stay is denied.

## STANDARD OF REVIEW AND LOCAL RULE 56.1 STATEMENT

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). All of the evidence and the reasonable inferences that may be drawn from the evidence are viewed in the light most favorable to the nonmovant. *Miller v. American Family Mutual Ins.*, 203 F.3d 997, 1003 (7th Cir. 2000). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, a party cannot defeat summary judgment by relying on unsubstantiated facts or by merely resting on its pleadings. *See Hemsworth, II v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Greer v. Board of Educ. of the City of Chicago*, 267 F.3d 723, 729 (7th Cir. 2001). Instead, the party that bears the burden of proof on an issue must affirmatively demonstrate, with admissible evidence that a genuine issue of material fact exists that requires a trial. *See Hemsworth*, 476 F.3d at 490.

When Defendants filed their motion for summary judgment, they included a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" as required by *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992); *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982); and Local Rule 56.2. This notice clearly set out the requirements of this Court's Local Rule 56.1. In

particular, the notice explains that Logan's response must comply with Federal Rule of Civil Procedure 56(e) and Local Rule 56.1.

Logan responded to Defendants' L.R. 56.1 statement, and only attempted to deny five of them in total, and only one relating to the issue of exhaustion. (See Plaintiff's response to Defendants' Local Rule 56.1 Statement Section III. (A) 1-5.) Local Rule 56.1(b) (3) requires a party opposing a motion for summary judgment to file:

> A concise response to the movant's statement that shall contain:
>
> (A)  numbered paragraphs, each corresponding to and stating a concise summary of the paragraph to which it is directed, and
>
> (B)  a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and
>
> (C)  a statement, consisting of short numbered paragraphs, of any additional facts that require denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon...

L.R. 56.1(b) (3). The district court may require strict compliance with Local Rule 56.1. *See Ammons v. Aramark Uniform Serv., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004); *Bordelon v. Chicago School Reform Board of Trustees*, 233 F.3d 524, 527 (7th Cir 2000) (strict compliance with the local rules governing summary judgment is upheld given the importance of local rules that structure the summary judgment process); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs").

Although *pro se* plaintiffs are entitled to lenient standards, compliance with procedural rules is required. *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) ("[R]ules apply to uncounseled litigants and must be enforced"); *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir.1994).

3

Despite being given this notice, Logan failed to adequately respond to Defendants' Rule 56.1 statement of facts. (See Plaintiff's Responding Motion to Deny Defendants' Motion for Summary Judgment, Doc 57). Consequently, Defendants' facts contained in their Rule 56.1 statement, to the extent that they are material and adequately supported by the record, are deemed admitted.

As Logan admits all but one of Defendants' facts contained in their L.R. 56.1 statement of facts relating to exhaustion of administrative remedies and does not cite to the record in his attempt to deny the one statement he contests, Defendants' statements of fact relating to exhaustion become the facts of the case. While Logan cites to exhibits in support of his contest of Defendants' Statement of Fact ¶ 46, the exhibits do not properly contradict the statement of fact and it is deemed admitted. *See Chelios v. Heavener,* 520 F.3d 678, 687 (7th Cir. 2008). Logan does attempt to create a question of fact relating to exhaustion of another lost grievance by raising it in his rebuttal (Doc. 62) and that issue will be discussed in the argument to follow.

## FACTS

The following facts are taken from Defendants' Rule 56.1 statement, from the record attached to Defendants Rule 56.1 statement, from Logan's response to Defendant's motion for summary judgment to the extent that the facts are within Logan's personal knowledge, and from Logan's rebuttal.

Logan is currently incarcerated at the Centralia Correctional Center in Centralia, Illinois serving an eight-year sentence for failing to report his address to the authorities as required under law. Prior to being sentenced, Logan was a pre-trial detainee housed at the Cook County Department of Corrections ("CCDOC") from January 21, 2010 until September 13, 2010. (See

Defendants' L.R. 56.1 Statement of Fact ¶2). Defendants Emerson and Perry were at all relevant times, correctional officers assigned to Division 9 at the Cook County Jail. (*Id.* at ¶ ¶3 and 4).

Logan brings this action pursuant to 42 U.S.C. § 1983 and alleges that the Defendants were deliberately indifferent to his medical needs by refusing to provide him access to medical care for red itchy bumps that he believed to be scabies. In addition, Logan states a claim for unconstitutional conditions of confinement due to unsanitary living conditions. (*Id.* at ¶ 5).

The Cook County Sheriff's Department has established an inmate grievance procedure that is available to all inmates, and was available to Logan at all relevant times. (*Id.* at ¶ 41). In particular, the CCDOC "Detainee Grievance Procedure" General Order (G.O.) 14.5 governed the administrative grievance process at all relevant times. (*Id.* at ¶ 42). Logan understands the detainee grievance process in place at the CCDOC and understands the appeal process. (*Id.* at ¶ 43). On March 16, 2010, Logan filled out a detainee grievance form which, in summary, alleged that he was having problems getting medical attention for red bumps on his body that he believed was scabies. (*Id.* at ¶ 44). A Correctional Rehabilitation Worker (CRW) received the grievance on April 5, 2010 and that grievance was given grievance control no. 2010X0835. (*Id.*).

Logan received a response to the grievance on April 29, 2010. (*Id.* at ¶ 45). The response statement provided to Logan indicated that "per physician, patient is being treated for stated condition." (*Id.*). Logan did not request an appeal to his grievance. (*Id.* at ¶ 46).

## ANALYSIS

Defendants argue that they are entitled to summary judgment for multiple reasons, including that Logan failed to fully exhaust his administrative remedies.

Exhaustion of administrative remedies, pursuant to the Prison Litigation Reform Act, is required for all detainee suits seeking redress for jail circumstances or occurrences, regardless of

5

whether they involve general circumstances of incarceration or particular episodes. *See Porter v. Nussle*, 534 U.S. 516 (2002). Under 42 U.S.C. § 1997e(a), the court is directed to dismiss a suit brought with respect to jail conditions if the court determines that plaintiff has failed to exhaust his administrative remedies. *See Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999).

A detainee must take all the steps required by the institution's grievance system in order to exhaust his administrative remedies properly. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002). Moreover, exhaustion is a precondition to filing suit, so that a detainee's attempt to exhaust available administrative remedies in the midst of litigation is insufficient. *See Ford*, 362 F.3d at 398; *Perez*, 182 F.3d at 536-37.

To exhaust remedies under § 1997e(a) a detainee or prisoner "must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025; *see also Freeman v. Francis*, 196 F.3d 641, 644 (6th Cir. 1999) ("[T]he exhaustion requirement in § 1997e(a) is directed at exhausting the prisoner's administrative remedies in the corrections system, and investigation by another agency does not satisfy the requirement of the statute."). The purpose behind the exhaustion requirement is to give corrections officials the opportunity to address complaints internally before a federal suit is initiated. *See Porter*, 534 U.S. at 524-25.

Here, Logan filed a grievance regarding his inability to procure medical care for scabies. (See Defendants' L.R. 56.1 Statement of Fact ¶44). Logan admits that he did not appeal the grievance because he received medical care for scabies on March 18, 2010, two days after he filed the grievance. (See Doc. No. 57, Plaintiff's response, pp. 5-6 and Exhibits A and D.)

6

Logan cites to his Exhibit D, a prescription order, to establish that he received medical care for his scabies on March 18, 2010, in his view, rendering exhaustion moot.

The Seventh Circuit, however, has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Moreover, no futility exception to the PLRA's exhaustion requirement exists. *See Perez*, 182 F.3d at 537. To comply with the PLRA, a prisoner who wishes to complain about prison conditions must first ensure that all "administrative remedies as are *available* are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). Accordingly, Logan's receipt of medical care on March 18, 2010, did not absolve him from the requirement that he appeal his grievance prior to filing suit with respect to his claim that Defendants Emerson and Perry acted with deliberate indifference to his need for medical care. As Logan failed to exhaust his administrative remedies with respect to his deliberate indifference claim, Defendants are entitled to judgment on that claim.

In Logan's rebuttal, he alleges for the first time in pleadings, that he filed another grievance, relating to his conditions of confinement. (See Doc. 61, p. 3, and Plaintiff's Exhibit A). Logan further alleged in deposition testimony that the grievance he prepared relating to his conditions of confinement, "...disappeared. That may have been before that thirty day time period expired. It never turned up. Now, the next one that I filed I got a copy of, so that first one is lost. It's gone." (See Plaintiff's Rebuttal, Exhibit A, Plaintiff's deposition transcript, pp 49-50.) Logan further speculated in his deposition testimony that CRW Hamilton got rid of the grievance, never issuing a response. (*Id.* at p. 52).

Officials cannot take an unfair advantage of the exhaustion requirement by making such exhaustion unavailable. *See Dole v. Chandler*, 438 F.3d at 809. For example, if officials fail to respond to a properly filed grievance or take other affirmative steps to prevent a

prisoner/detainee from being able to fully exhaust his administrative remedies, grievance procedures are deemed "unavailable." *Id.* In *Dole*, the court held that the regulations were not clear about how to proceed once a timely grievance was lost. By properly mailing his Administrative Review Board (ARB) complaint, alerting the ARB that the complaint was mailed, and filing suit only after the ARB failed to clarify what he should do next, Dole had done all that was reasonable to exhaust his administrative remedies. *Id.* at 811-12. The court further held that "[b]ecause Dole took all steps necessary to exhaust one line of administrative review, and did not receive instructions on how to proceed once his attempts at review were foiled, in the factual context of this case, he has exhausted his administrative remedies under the PLRA." *Id.* at 813.

Likewise in *Brengettcy v. Horton*, 423 F.3d 674 (7th Cir. 2005), the Seventh Circuit held that a plaintiff, who filed "many" unanswered grievances, *Id.* at 680 n.1, and who was told by prison officials that grievances sometimes get "torn up," *Id.* at 678, had met the exhaustion requirement because the regulations did not instruct a prisoner on what to do when prison officials did not answer his grievance within the time frame prescribed in the regulations, *Id.* at 682.

However, the present case is distinguishable from *Dole* and *Brengettcy*, in that the plaintiffs in those cases, after they were told their grievances were missing, lost, or destroyed, attempted to determine what steps they should take to complete the grievance process. In the case at hand, Logan has provided no evidence that after he found out his grievance was lost, speculating that it was destroyed, that he followed up, sought instruction as to how to exhaust a lost grievance, or pursued the issue in any way. As Logan provides no evidence that he pursued the lost/destroyed grievance or attempted to complete the process, either by appeal or by filing a

new grievance, the court finds that he has failed to fully exhaust his conditions of confinement claim. *See Wallace v. Buncich,* Case No. 02-CV-450, 2006 U.S. Dist. LEXIS 39519, *16 (N.D. Ind., March 31, 2006) (Simon, J.); *see also Nesbitt v. Villanueva,* Case No. 09 C 5299, 2010 U.S. Dist. LEXIS 125966, (N.D. Ill., November 29, 2010) (Conlon, J.)

As the evidence is clear that Logan failed to fully exhaust his administrative remedies prior to filing suit, judgment is granted to Defendants. Furthermore, because it is now too late for Logan to avail himself of grievance procedures, dismissal is with prejudice. *See, e.g., Pozo,* 286 F.3d at 1023-24; *Walker v. Thompson,* 288 F.3d 1005, 1009 (7th Cir. 2002); *Hope v. Velasco,* No. 01 C 1574, 2004 WL 417198, *4 (N.D. Ill. Feb. 23, 2004) (Hibbler, J.). As the court grants judgment to Defendants, Logan's motion to stay the proceedings pending arbitration (presumably a settlement conference) is denied as moot.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment (Doc. 51) is granted. Logan's motion to stay proceedings pending arbitration (Doc. 62) is denied. The Clerk is directed to enter judgment in favor of the Defendants pursuant to Fed. R. Civ. P. 56. The case is terminated.

Dated: AUG 0 9 2012

James B. Zagel
United States District Court Judge

9